# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HAMID SADOUN-ASSAD
AL-ISAWI,

        Plaintiff,

v.                                      CASE NO. 07-10250
                                       HON. LAWRENCE P. ZATKOFF

IMMIGRATION AND
NATURALIZATION SERVICE,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)

### I. INTRODUCTION

      Plaintiff Hamid Sadoun-assad Al-Isawi filed his *pro se* Complaint on January 16, 2007. In his Complaint, Plaintiff states that Defendant Immigration and Naturalization Service ("INS") has not made a decision on his application for citizenship. Currently before the Court is Plaintiff's request to proceed without prepayment of fees. Plaintiff's request to proceed without prepayment of fees is GRANTED; however, the Court will DISMISS Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

### II. BACKGROUND

      Plaintiff immigrated to the United States from Iraq as a refugee with his wife in September 1998, and eventually became a permanent resident alien. In January 2006, Plaintiff applied to become a citizen of the United States and was granted an interview by the INS. Plaintiff claims that an immigration officer told him that he passed the naturalization process but the INS could not make a final decision at the time because Plaintiff and his wife were required to undergo security checks.

Dockets.Justia.com

Plaintiff further states that the immigration officer told he and his wife to check with the INS periodically on the status of their applications. Finally, Plaintiff states that the INS has yet to make a final decision on his citizenship application.

### III. ANALYSIS

**A. Plaintiff's Request to Proceed without Prepayment of Fees**

Plaintiff has filed a motion to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied with a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed without prepayment of fees.

**B. Dismissal Under § 1915(e)(2)**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss" the case at any time if the court finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint merely recites the steps he has gone through to obtain United States citizenship. It does not allege facts giving rise to a violation of his civil rights. Specifically, the complaint does not allege any wrongful conduct on the part of Defendant or that Defendant has wrongfully delayed its decision on Plaintiff's application for citizenship. Moreover, Plaintiff has not

specified what examination he passed or why he is entitled to citizenship. Plaintiff's complaint only states that the INS has not made a decision as quickly as Plaintiff would like. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). *See Schied*, at 436; *see Hendrock*, at 574. Because the Court has no discretion to allow the Plaintiff to amend her Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted. *See McGore*, at 612.

    IT IS SO ORDERED.


                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 25, 2007.


                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290